1  SEYFARTH SHAW LLP
   Robert B. Milligan (SBN 217348)
2  rmilligan@seyfarth.com
   D. Joshua Salinas (SBN 282065)
3  jsalinas@seyfarth.com
   Amy A. Abeloff (SBN 306093)
4  aabeloff@seyfarth.com
   2029 Century Park East, Suite 3500
5  Los Angeles, California 90067-3021
   Telephone: (310) 277-7200
6  Facsimile: (310) 201-5219

7  Attorneys for Plaintiff
   PANDA RESTAURANT GROUP, INC.

8

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11                       WESTERN DIVISION

12

13  PANDA RESTAURANT GROUP,              Case No.: 2:17-cv-8138 PA (PJWx)
    INC., a California corporation,
14                                       PLAINTIFF PANDA
                   Plaintiff,            RESTAURANT GROUP, INC.'S
15                                       NOTICE OF MOTION AND
          v.                             MOTION FOR CONTEMPT
16                                       AGAINST DEFENDANT PANDA
                                         CHINESE FAST FOOD INC FOR
17  PANDA CHINESE FAST FOOD INC,         VIOLATING THE COURT'S
    a California corporation,            JUDGMENT AND PERMANENT
18                                       INJUNCTION AND DAMAGES;
                   Defendants.           MEMORANDUM OF POINTS
19                                       AND AUTHORITIES IN SUPPORT
                                         THEREOF
20
                                         Date:      November 19, 2018
21                                       Time:      1:30 p.m.
                                         Place:     Courtroom 9A
22
                                         The Honorable Percy Anderson
23
                                         [*Filed concurrently with Declaration of
24                                       Robert B. Milligan and [Proposed]
                                         Order*]
25

26

27

28

                                   1
─────────────────────────────────────────────────────────

**TO DEFENDANT PANDA CHINESE FAST FOOD INC**:

PLEASE TAKE NOTICE that on November 19, 2018 at 1:30 p.m. or as soon thereafter as this matter may be heard, in Courtroom 9A of the Honorable Percy Anderson, United States District Court, Central District of California, Western Division, First Street Courthouse, 350 W. 1st Street, 9th Floor, Los Angeles, California, Plaintiff Panda Restaurant Group, Inc. ("Plaintiff") will and hereby does move the Court for an order finding Defendant Panda Chinese Fast Food Inc ("Defendant") in contempt for failing to comply with the Court's Judgment and Permanent Injunction (ECF No. 23) (hereinafter, the "Judgment").

The Judgment required Defendant to do the following:

- stop "using any mark or designation that is confusingly similar to Plaintiff's federally registered trademarks... on or in connection with the manufacturing, distribution, advertisement, offering for sale, or sale of any goods and services pursuant to 15 U.S.C. § 1116,"

- stop "copying, published, and/or creating derivative works based on Plaintiff's copyrighted work pursuant to 17 U.S.C. § 502," and

- "deliver to Plaintiff's counsel for destruction or disposition all labels, signage, ...advertisements, and copies of websites in hard copy and computer readable form, bearing any of the designations whose use is enjoined under the injunctions granted herein, ... and delete and/or otherwise destroy all infringing materials reproduced, used, published, or distributed by Defendant in violation of Plaintiff's exclusive rights in and to U.S. Copyright No. VA-275-525 pursuant to 17 U.S.C. § 503."

Defendant was sent a copy of the Judgment on May 2, 2018 and again on July 17, 2018.  As of September 2018, Defendant had taken no steps to comply with the mandatory injunction issued by the Court, and had taken no steps to satisfy the monetary component of the Judgment.  Plaintiff attempted to meet and

confer pursuant to Local Rule 7-1 before filing this motion but was not able to reach Defendant after several attempts in June 2018.

This motion is based on the Complaint filed in this action, the December 14, 2017 Entry of Default of Defendant, the February 26, 2018 Court Order and Judgment, the attached Memorandum of Points and Authorities, the accompanying Declaration of Robert B. Milligan and exhibits thereto, the pleadings and papers on file in this action, and upon such oral and documentary evidence as may be presented at the hearing of this matter, if any.

Respectfully submitted,

DATED:  October 11, 2018          SEYFARTH SHAW LLP

By: */s/ Robert B. Milligan*
Robert B. Milligan
Attorneys for Plaintiff, PANDA
RESTAURANT GROUP, INC.

# **<u>TABLE OF CONTENTS</u>**

<u>Page</u>

I.   FACTUAL BACKGROUND .................................................................2

    A.   Defendant Has Failed To Comply With The Judgment. .....................2

    B.   Defendant Has Received Notice of The Judgment..............................4

II.   ARGUMENT ...................................................................................5

    A.   The Court Should Find Defendant in Contempt of Court. ..................5

    B.   Plaintiff is Entitled to Damages for Civil Contempt. .........................6

        1.   Civil Sanctions Are Appropriate in this Case. .........................6

        2.   Plaintiff is Entitled to Attorney's Fees and Costs. ....................7

III.   CONCLUSION ...............................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Balla v. Idaho State Bd. of Corr.*,
   869 F.2d 461 (9th Cir. 1989) ...................................................................5

*In re Dual-Deck Video Cassette Recorder Antitrust Litig.*,
   10 F.3d 693 (9th Cir. 1993) .....................................................................5

*Falstaff Brewing Corp. v. Miller Brewing Co.*,
   702 F.2d 770 (9th Cir. 1983) ...................................................................7

*Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*,
   774 F.3d 935 (9th Cir. 2014) ...................................................................5

*McComb v. Jacksonville Paper Co.*,
   336 U.S. 187 (1949) .................................................................................6

*S.E.C. v. Hickey*,
   322 F.3d 1123 (9th Cir. 2003), *opinion amended on denial of reh'g
   sub nom.*, *Sec. & Exch. Comm'n v. Hickey*, 335 F.3d 834 (9th Cir.
   2003) .........................................................................................................6

*Shuffler v. Heritage Bank*,
   720 F.2d 1141 (9th Cir. 1983) .................................................................7

*U.S. v. United Mine Workers*,
   330 U.S. 258 (1947) .................................................................................6

*Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*,
   689 F.2d 885 (9th Cir. 1982) ...................................................................5

**Federal Statutes**

15 U.S.C. § 1116.......................................................................................1, 7

17 U.S.C. § 502.........................................................................................1, 7

17 U.S.C. § 503.........................................................................................1, 8

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Panda Restaurant Group, Inc. ("Plaintiff") brings this motion for an order finding Defendant Panda Chinese Fast Food Inc ("Defendant") in contempt for failure to comply with the Court's February 26, 2018 judgment ("Judgment") [Dkt. 22, 23.]  The Court entered judgment against Defendant as follows:

- It permanently enjoined Defendant, upon receiving notice of its order, from "using any mark or designation that is confusingly similar to Plaintiff's federally registered trademarks, including U.S. Trademark Reg. Nos. 1516769, 2501422, 1741866, 2018848, 1991081, 4379316, and 4793470, on or in connection with the manufacturing, distribution, advertisement, offering for sale, or sale of any goods and services pursuant to 15 U.S.C. § 1116; and from copying, publishing, and/or creating derivative works based on Plaintiff's copyrighted work pursuant to 17 U.S.C. § 502[]."  [Dkt. 23.]

- It ordered Defendant to "deliver to Plaintiff's counsel for destruction or disposition all labels, signage, prints, packages, wrappers, receptacles, advertisements, and copies of websites in hard copy and computer readable form, bearing any of the designations whose use is enjoined under the injunctions granted herein, and all plates, molds, matrices, and other means of making the same; and delete and/or otherwise destroy all infringing materials reproduced, used, published, or distributed by Defendant in violation of Plaintiff's exclusive rights in and to U.S. Copyright No. VA-275-525 pursuant to 17 U.S.C. § 503." [Dkt. 23.]

- It ordered Defendant to pay "$27,100, consisting of $25,000 in copyright damages and $2,100 in attorneys' fees… [as well as] its costs of suit." [Dkt. 22.]

As alleged in the Complaint, and as the Court held in its Order and

1

1  Judgment, the signage and logo appearing below infringed Plaintiff's rights, and

2  therefore Defendant was obligated to remove and destroy all such signage and

3  logo:

4

5

6   

7

8

9

10  Complaint, ¶ 15.

11          Defendant received notice of the Judgment, but has yet to comply with any

12  of its terms despite Plaintiff's repeated requests.

13  **I.      FACTUAL BACKGROUND**

14          **A.      Defendant Has Failed To Comply With The Judgment.**

15          Pursuant to the Judgment, Defendant was required to stop using the signage

16  and logo set forth in the Complaint. Although the judgment was entered in

17  February, 2018, and despite twice receiving notice of the Judgment, the

18  photographs taken by Plaintiff's investigator show that, as of September 24, 2018,

19  Defendant continued to use the trademark and logo it was ordered to stop using:

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15
16
17
18
19
20
21
22
23
24
25



26

27   Defendant's continued use of these trademarks stands in contravention of the

28   Judgment.

3

### B.   Defendant Has Received Notice of The Judgment.

On May 1, 2018, Plaintiff's counsel caused a copy of the Judgment to be sent to Defendant via Federal Express, signature requested.  [Declaration of Robert B. Milligan ("Milligan Decl.") ¶ 3, Ex. A.]  The enclosure was signed for by someone at Defendant's restaurant on May 2, 2018.  [Milligan Decl. ¶ 4, Ex. B.] Plaintiff's counsel requested a response from Defendant concerning satisfaction of the monetary portion of the Judgment by May 8, 2018.  [Milligan Decl. ¶ 5.] Defendant never contacted Plaintiff or its counsel by the requested response date. [Milligan Decl. ¶ 6.]

On June 4, 2018, Plaintiff's counsel telephoned Defendant, reached an unidentified female, and requested to speak to Lijuan Tan, president of and agent for service of process for Defendant, or anyone acting in a managerial capacity. [Declaration of Amy A. Abeloff ("Abeloff Decl.") ¶ 3.]  The unidentified female hung up on Plaintiff's counsel.  [Abeloff Decl. ¶ 4.]  On the same day, Plaintiff's counsel asked a third-party investigator to travel to the location of Defendant's restaurant in order to confirm whether Defendant had complied with the Judgment and ceased use of the above-referenced signage and logo.  [Milligan Decl. ¶ 8.]. On June 11, 2018, Plaintiff's counsel received the results of the investigation, which confirmed that Defendant continued to use the same exterior signage, menus, and business cards that are the subject of the Judgment.  [Milligan Decl. ¶ 9, Ex. C.]

On July 17, 2018, Plaintiff's counsel sent a second letter to Defendant, again enclosing a copy of the Judgment.  [Milligan Decl. ¶ 10, Ex. D.]  The letter was personally served on Defendant on July 17, 2018.  [Milligan Decl. ¶ 11, Ex. E.] Plaintiff's counsel requested a response from Defendant by July 31, 2018. [Milligan Decl. ¶ 12.]  Defendant never contacted Plaintiff or its counsel by the requested response date.  [Milligan Decl. ¶ 13.]

On September 17, 2018, Plaintiff's counsel ordered a second investigation

4

1 closer in time to the filing date of this motion to confirm that Defendant was

2 continuing to use Plaintiff's trademarks in violation of the Judgment.  [Milligan

3 Decl. ¶ 14.]  The investigation revealed that Defendant was still using Plaintiff's

4 trademarks as of September 24, 2018.  [Milligan Decl. ¶ 15, Ex. F.]  Plaintiff now

5 moves the Court to find Defendant in contempt of court for violating the February

6 26, 2018 Judgment.

7 II.    **ARGUMENT**

8     A.    **The Court Should Find Defendant in Contempt of Court.**

9         "Civil contempt consists of a party's disobedience to a specific and definite

10 court order by failure to take all reasonable steps within the party's power to

11 comply." *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774

12 F.3d 935, 945 (9th Cir. 2014) (ellipsis omitted).  The party alleging civil contempt

13 has the burden of demonstrating the disobedience by clear and convincing

14 evidence.  *Id.*  The following elements must be met: (1) a party violates a court

15 order; (2) the violation was not in substantial compliance with the court order; and

16 (3) "the violation was not based on a good faith and reasonable interpretation of

17 the order."  *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693,

18 695 (9th Cir. 1993); *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d

19 885, 889 (9th Cir. 1982).  "The contempt need not be willful, and there is no good

20 faith exception to the requirement of obedience to a court order.  But a person

21 should not be held in contempt if his action appears to be based on a good faith and

22 reasonable interpretation of the court's order."  *Dual-Deck*, 10 F.3d at 695

23 (citations, internal quotations marks, and brackets omitted).  Substantial

24 compliance is a defense to a contempt motion.  *Balla v. Idaho State Bd. of Corr.*,

25 869 F.2d 461, 466 (9th Cir. 1989).

26         All elements of contempt are met in this case.  First, Defendant is flagrantly

27 violating the Judgment through its continued use of the same signage and menus

28 that the Court found infringed Plaintiff's trademark rights and copyright, and

5

1  which the Court expressly enjoined Defendant from using. Second, Defendant is

2  not in compliance at all, let alone in substantial compliance, with the Judgment.

3  Third, Defendant's complete failure to take steps to comply with the Judgment

4  cannot have been based on a "good faith and reasonable interpretation" of the

5  Judgment.

6         Defendant has simply chosen to ignore the Judgment entirely, and its

7  external signage, menus, and business cards remain exactly as they were when this

8  lawsuit was filed.

9         In light of the above, the Court should find Defendant in contempt of its

10  February 26, 2018 Judgment.

11         **B.**   **Plaintiff is Entitled to Damages for Civil Contempt.**

12                **1.**   **Civil Sanctions Are Appropriate in this Case.**

13         "District courts have broad equitable power to order appropriate relief in

14  civil contempt proceedings." *S.E.C. v. Hickey*, 322 F.3d 1123, 1128 (9th Cir.

15  2003), *opinion amended on denial of reh'g sub nom.*, *Sec. & Exch. Comm'n v.*

16  *Hickey*, 335 F.3d 834 (9th Cir. 2003) (citing *McComb v. Jacksonville Paper Co.*,

17  336 U.S. 187, 193 (1949)). The following factors should be considered in awarding

18  sanctions for contempt: "(1) the harm from noncompliance; (2) the probable

19  effectiveness of the sanction; and (3) the burden the sanctions may impose on the

20  contemnor's financial resources." *U.S. v. United Mine Workers*, 330 U.S. 258,

21  303-04 (1947).

22         Civil sanctions are appropriate because Defendant's noncompliance with the

23  Judgment continues to harm Plaintiff's rights in and to its PANDA EXPRESS

24  word and logo trademarks, as well as its copyright in its logo.  Plaintiff has also

25  been harmed by having to undertake continuing efforts to get Defendant to comply,

26  and now having to seek this Court's intervention to enforce the Judgment.  Further,

27  sanctions will likely be effective in spurring Defendant to take action to comply

28  with the Judgment, as the Judgment, in and of itself, has been insufficient in

6

1    inciting Defendant to act.

2                    **2.    Plaintiff is Entitled to Attorney's Fees and Costs.**

3            "Civil contempt is characterized by the court's desire to compel obedience to

4    a court order… or to compensate the contemnor's adversary for the injuries which

5    result from the noncompliance."  *Falstaff Brewing Corp. v. Miller Brewing Co.*,

6    702 F.2d 770, 778 (9th Cir. 1983) (citations omitted).  A compensatory sanction

7    must be based on "the actual losses sustained as a result of the contumacy."

8    *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1148 (9th Cir. 1983).

9            Plaintiff has suffered actual losses in the form of attorney's fees and costs

10   associated with its attempts to enforce a Judgment with which Defendant should

11   have complied months ago.  [Milligan Decl. ¶ 16.]  Plaintiff is therefore entitled to

12   its reasonable attorney's fees and costs incurred from February 26, 2018 to present.

13   Those fees, together with the costs Plaintiff has incurred investigating Defendant's

14   non-compliance with the Judgment, total $12,700.   [Milligan Decl. ¶ 16.]

15   **III.   CONCLUSION**

16           For the foregoing reasons, Plaintiff respectfully requests that the Court find

17   Defendant in contempt and order Defendant to:

18           1.    Comply with the February 26, 2018 Judgment immediately of the date

19   of the Court's order on this motion to stop "using any mark or designation that is

20   confusingly similar to Plaintiff's federally registered trademarks, including U.S.

21   Trademark Reg. Nos. 1516769, 2501422, 1741866, 2018848, 1991081, 4379316,

22   and 4793470, on or in connection with the manufacturing, distribution,

23   advertisement, offering for sale, or sale of any goods and services pursuant to 15

24   U.S.C. § 1116; and from copying, publishing, and/or creating derivative works

25   based on Plaintiff's copyrighted work pursuant to 17 U.S.C. § 502[];" and "deliver

26   to Plaintiff's counsel for destruction or disposition all labels, signage, prints,

27   packages, wrappers, receptacles, advertisements, and copies of websites in hard

28   copy and computer readable form, bearing any of the designations whose use is

                                                     7

1   enjoined under the injunctions granted herein, and all plates, molds, matrices, and

2   other means of making the same; and delete and/or otherwise destroy all infringing

3   materials reproduced, used, published, or distributed by Defendant in violation of

4   Plaintiff's exclusive rights in and to U.S. Copyright No. VA-275-525 pursuant to

5   17 U.S.C. § 503;"

6       2.      Immediately pay $27,000 in monetary damages, as the Court ordered

7   in its February 26, 2018 Judgment;

8       3.      Pay monetary sanctions as the Court deems just and proper; and

9       4.      Pay Plaintiff's reasonable attorney's fees and costs as incurred in

10  seeking to enforce the February 26, 2018 Judgment.

11  DATED:  October 11, 2018               SEYFARTH SHAW LLP

12

13                                         By: */s/ Robert B. Milligan*
14                                             Robert B. Milligan
                                               Attorneys for Plaintiff, PANDA
15                                             RESTAURANT GROUP, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

8